*GREEN, J.,
without noticing the demurrer to the special counts of the declaration, or of the plea of a former action and judgment for the defendants and the judgment of the circuit court thereon, that there was no such record, said: This case comes up on several exceptions to opinions of the court given upon the trial; the first of which was to the allowing an instrument of writing to be given in evidence, with parol proof as to the time, manner and circumstances of its execution, as not proving a joint assumpsit by the appellants, such as is stated in the declaration. The matter of this exception suggests several questions, which were discussed at the bar: 1. Whether the signing of his name to the writing, without any other proof, made Shrewsbury a party thereto, and amounted to an assumpsit by him, jointly with Crawford and Gardner, to indemnify Jarrett, according to its terms? 2. If not, then whether parol proof, that he executed it with that intention avowed, was admissible? 3. If either of these questions are decided in the affirmative, then whether the paper upon its face states a consideration such as is alleged in the declaration? 4. If not, then whether such a consideration can be proved by parol evidence? 5. Whether the promises alleged, or any of them, are supported by the paper itself? for it is admitted, that if the promise was collateral, it cannot bind Gardner and Shrewsbury, unless it be found in the writing. And lastly, whether the promise be not original and equally binding on all for the same consideration? Of these questions, the first, third and fifth are the most important: if they are decided in the affirmative, the others will be thereby superseded.
As to those three points: It is true, that parol evidence cannot be admitted (unless in case of fraud or mistake) to vary, contradict, add to, or explain, the terms of a written agreement, by proving that the agreement of the parties was different from what it appears by the writing to have been. Yet, in case of equivocal agreements in writing, the circumstances under which they were made, may be given in ^evidence, to explain their meaning ; of which there are many examples in the books; as in ex parte Adney, 2 Cowp. 460, and in the judgment of the chancellor reversing that of the master of the rolls in Bellamy v. Burrow, Ca. Temp. Talbot, 107. In this case, on the day and at the place of sale of the property taken under Crawford’s executions, the instrument in question was prepared, reciting the levj' of the executions, and that the sale of the property was forbidden by certain persons, and binding Crawford as principal, and Gardner as his surety, to indemnify the constable according to law, and was executed and delivered to the constable by those persons, and by Shrewsbury, who was not named in it, but who signed it, as a party. These circumstances, in connex-ion with the terms of the instrument, I think, prove without any other evidence to that effect, that Shrewsbury intended to bind himself, jointly with the others, for its performance, to the full extent to which they were bound; and that they were bound to indemnify the constable, not for what was past, (the seizure of the property under the executions, for that was not unlawful) but for selling and disposing of the property under the executions, and paying Crawford the proceeds of the sale to the amount of his executions; and this was the consideration of the agreement to indemnify him against such a disposition, as is alleged in the declaration.
The next exception is to the admission of the record of a judgment recovered by Alderson and Slack against Jarrett, as evidence, upon the allegation that there was a variance between it and the judgment de *456 scribed in the declaration. All the special counts in the declaration under which it was possible to offer in evidence, any judgment by those parties against Jarrett, describe it as one recovered upon the sole ground of the sale of the property of Wood and Brown, taken under Crawford’s executions, without pa3'ing to them the arrears of rent due' to them from the debtors in those executions; which arrears amounted to 1068 dollars. The record offered in evidence, contained *a declaration of one count only, and claimed damages against Jarrett, not only for removing the property of Wood and Brown, taken under Crawford’s executions without paying the arrears of rent, but for selling other property of other persons also tenants, which he as constable had taken by order of the plaintiffs as a distress for the satisfaction of the arrears of rent, and paying the proceeds of that also to Crawford, in satisfaction of his executions. The jury found a verdict, and the court gave judgment, upon that declaration for 1163 dollars and costs; and the damages must .be taken to have been given upon both the complaints set forth in the declaration. Consequently, the judgment given in evidence, was not such as was alleged by the declaration in this case. It is possible, and indeed seems to be indicated by the fact of the amount of the verdict corresponding with the amount of the arrears of rent and interest thereon, that the court and jury proceeded upon the ground, that an officer taking goods, to however small a value, under execution, found upon demised premises upon which arrears of rent were due, and removing them without the payment of the arrears to the landlord, was responsible for the whole amount of the rent in arrear, though the value of the goods so taken and removed did not amount to a hundredth part of the amount of the rent. If so, the decision was palpably wrong. It is impossible, to give such an effect to the statute, under which alone the landlord can assert a claim in such a case; and it is settled by authority, that the officer is only liable to the amount of the sales of the goods so removed and sold. Henchett v. Kimpson, 2 Wils. 140. We cannot presume, that any such error entered into those proceedings, unless it appeared explicitly on the record. The judgment offered ought not to have been allowed to be given in evidence; the consequence of which was to charge the appellants with damages to the amount of that recovery against Jarrett, in consequence of their engagement to indemnify him for the sale of four oxen and a cart.
*The next exception, in relation to the admission of the sheriff’s receipts to Jarrett, is of no consequence; since the question presented could have no proper effecl upon the result of the cause; the judgment against Jarrett, having the same effect, as proof that he was damnified, whether he had paid it or not.
The last exception is to the refusal of the court, to admit the evidence offered by the defendants to prove the value of the property taken and sold under Crawford’s executions. The bill of exceptions states no facts,, upon | which this question turned; and though we see them in the other exceptions, we cannot notice them in considering this, as has been repeatedly decided. If such evidence, under all circumstances that could exist would be proper evidence for the defendant, ■ then the evidence was improperly excluded ; but if it might be proper evidence under some and not under other circumstances, we cannot say that the rejection of it in this case, was wrong, upon any thing appearing in this bill of exceptions. Now, such evidence might be proper or improper, according to varying circumstances: if for instance, the plaintiff in this case, had produced a record, shewing that the recovery against him was solely on account of the estimated value of the property sold under Crawford’s executions, and for the sale of which the defendants were bound to indemnify him, the real value could not have been given in evidence to contradict the verdict against Jarrett, however extravagant it, might have been in the estimate of the value of the property; for that would be still the real amount of t'he damages, against which the defendants contracted to indemnify him. But, if the declaration had been so framed as to describe the record in the suit against Jarrett, and it had appeared that the aggregate damages given against him, was partly for removing the property taken under the executions and partly for the improper disposition of the other property distrained for the rent; then, evidence of the value of the property sold under the executions would not only have been proper on the part *of the defendants, but indis-pensibly necessary on the part of the plaintiff, in order to separate that portion of the damages given on account of the property sold under the executions, in respect to which the defendants were bound to indemnify him, from that portion given on account of the other property, as to which the defendant was under no such obligation. Or, if it had appeared, that the whole amount of the arrears of rent and interest on them, had been adopted by the court and jury, as the measure of the damages given against Jarrett, without regard to the value of either description of the property; then, a question would have arisen (as it would, if it appeared that no wrong had been done by Jarrett to the landlord, but by the taking of property under the executions) whether evidence of the value of the property so taken, would or would not be proper in that case? a question which the court declines to give any opinion upon now, because it is not presented by the exception. And, for the same reason, we decline to give any opinion upon other points that have been discussed; such as the effect of the judgment against Jarrett, as against the appellants.
CA.RR, J.
This case has been so fully investigated by my brother Green, and I agree with him so exactly in the general current of his remarks, that I shall be very brief: indeed, I should say nothing, but to exclude a conclusion, as to a particular point, which might follow from my silence. I think the written promise of indemnity, with the parol evidence of the time and *457 manner of its execution and delivery, was properly admitted under the declaration; and that Shrewsbury was bound by that written promise. With respect to the record of a recovery by Alderson and Slack against Jarrett, offered as evidence by the plaintiffs, and objected to, and that objection overruled ; I am clearly of opinion, that the court erred in admitting that record, because it differed, in a very material point, from the record described in the declaration; and on this point I concur *that the judgment must be reversed, and the case sent back with proper directions. As this record is excluded, I do not think it necessary to the decision of this case, that the court should pronounce upon the weight, effect and conclusiveness of it, in case it had been so described by the declaration as to have made it evidence. And this is the point on which I wish to declare (not that I differ with my brother Green, for my impression is that he is right, but) that I have not so examined the question, as to have made up an opinion on it: and as we are but a court of three, and are just at the busy close of a long session, I have thought it best to leave this point open for future discussion, so far as this case may have a bearing upon it. As to the other points upon the subsequent exceptions, I think with judge Green.